### MASTIN v. MASTIN.

(Circuit Court, W. D. Missouri, W. D. February 1, 1900.)

No. 1,988.

INTERNAL REVENUE—INSTRUMENTS REQUIRING STAMP—DEED OF RELEASE BY RECEIVER.

A deed of release, executed by a receiver appointed for a partnership to the partners, on the termination of the receivership, pursuant to an order of the court, made on final decree, winding up the administration of the estate, is but a formal evidence of the transfer which results by operation of law, and is not a conveyance, which requires a stamp, under the war revenue act of 1898.

On Application by Receiver for Instructions.

Karnes, Hagerman & Krauthoff, for complainant.
T. L. Frank Jones, for defendant.

PHILIPS, District Judge. The receiver, Hugh C. Ward, heretofore appointed by the court in the above-entitled cause, on the final decree of the court winding up the administration of said estate, being required to execute a deed of release back to the above-named parties, has submitted to this court for its ruling the question as to whether or not, under the internal revenue laws of the United States, he is required to place upon such deed of release revenue stamps, and, if so, to what extent. The provision of the revenue law is as follows:

"Conveyance: Deed, instrument, or writing, whereby any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his, her, or their direction, when the consideration or value exceeds one hundred dollars and does not exceed five hundred dollars, fifty cents; and for each additional five hundred dollars or fractional part thereof in excess of five hundred dollars, fifty cents."

Whatever may be said in respect of the controlling words in said section, it clearly enough applies alone to the instance of a sale and transfer of property to a purchaser between whom something of

value invested in and belonging to the grantor passes to the grantee, whereby the grantee receives a benefit capable of estimation in money value. In this case, upon the petition of one of the partners, for the purpose of winding up the co-partnership, the partnership estate. was placed in custodia legis, and a receiver was appointed solely for the purpose of administration. By the decree of the court granting the injunction and appointing the receiver, the co-partners were required to place their title to the property in the receiver. This was merely for the purpose and convenience of judicial administration.. No valuable consideration passed from the receiver to the grantors. Without such order of court, and without such conveyance, by operation of law, under the decree of the court appointing the receiver, the right, title, and interest of the parties passed to, and vested in, the receiver pendente lite, which would have enabled the receiver, under the order and direction of the court, to make sales and conveyances of the property. Such deeds by the receiver unquestionably would have required the requisite revenue stamp. The conveyances made by the parties to the receiver, in compliance with the order of the court, were essentially conveyances in invitum on the part of the grantors, and were essentially conveyances made by operation of law, solely for the better convenience and purposes of administration pendente lite. It is unlike the instance of a conveyance by the owner of property to a designated trustee to hold in trust for the security of a beneficiary, under which a deed terminating such trust, and revesting the title, "should be stamped according to the amount required on the trust deed that is released or terminated." But in the case under consideration the transfer of the title to the receiver was but supplemental and ancillary to the transfer by operation of law under the decree, and was not made for the better security of any designated debt or claim. Therefore, on the final decree of the court, after the purposes of the judicial proceeding were accomplished, the court could have decreed the title thus vested in the receiver back to the co-partners, and the title would have revested by simple operation of the decree in them. In such case, there could be no pretense that such reinvestiture constituted a conveyance, within the meaning of the revenue law. The fact that the court, in addition to the decree itself, made the further provision or requirement that the receiver should remise and release to the parties this title taken in custodia legis, ought not to produce a different result, in so far as the revenue laws are concerned. In such case no consideration passes from the grantees to the grantor. The receiver receives nothing, and the grantees pay nothing. And, in the judgment of the court, it is not within either the letter or the spirit of said provision of the revenue law that such transfers come within the purview of sales and purchases contemplated by the act. In such case the receiver has no discretion but to obey the decree of the court. And, as he is but the "right arm" of the court, he but acts in the retransfer as the instrument of the court; and when the deed is executed the grantees but receive what, in law and equity, is their own, and it would be unconscionable to exact of either a tax upon such deed.